## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE ROW, INC., | ) |
| | ) |
|     Plaintiff, | ) |
| | )   No. 15-cv-4419 |
|     v. | ) |
| | ) |
| HIGHGATE HOTELS, L.P.; RP/HH  MILFORD | ) |
| PLAZA LESSEE L.P.; RP/HH MILFORD | ) |
| PLAZA LESSEE G.P., L.L.C.; DEUTSCHE | ) |
| ASSET & WEALTH MANAGEMENT; | ) |
| DAVID WERNER REAL ESTATE; and | ) |
| ROCKPOINT GROUP, L.L.C., | ) |
| | ) |
|     Defendants. | ) |

## COMPLAINT

AND NOW comes Plaintiff The Row, Inc., by and through its attorney, Matthew

L. Kurzweg and Kurzweg Law Offices, and files this Complaint.  In support thereof,

Plaintiff avers as follows:

### NATURE OF THE ACTION

1.    This action is for infringement of a federally registered trademark in

violation of 15 U.S.C. § 1114(1); for use of false designations of origin and false

representations, and unfair competition in violation of 15 U.S.C. § 1125(a); for

trademark dilution in violation of 15 U.S.C. § 1125(c); cyberpiracy in violation of 15

U.S.C. § 1125(d), contributory acts in violation thereof, and unjust enrichment.

### PARTIES, JURISDICTION AND VENUE

2.    Plaintiff The Row, Inc., is a corporation organized and existing under the laws

of the State of Tennessee, with its principal place of business located at Suite 900, 2020

Fieldstone Parkway, Franklin, Tennessee, 37069.

3.      Defendant Highgate Hotels, L.P. is a limited partnership organized and existing under the laws of the State of Delaware with its principal place of business located at Suite 1400, 545 E. John Carpenter Freeway, Irving, Texas, 75062, and is doing business and leasing real estate under the "ROW NYC," "CITY KITCHEN at ROW NYC," and "DISTRICT M at ROW NYC" marks at real property located at 700 8th Ave, New York, New York, 10036.

4.      Defendant RP/HH Milford Plaza Lessee L.P. is a limited partnership organized under the laws of the state of Delaware with its principal place of business located at Woodlawn Hall at Old Parkland, Suite 300, 3953 Maple Avenue, Dallas, Texas, 75219, and is doing business under the "ROW NYC," "CITY KITCHEN at ROW NYC," and "DISTRICT M at ROW NYC" marks at real property located at 700 8th Ave, New York, New York, 10036.

5.      Defendant RP/HH Milford Plaza Lessee G.P., L.L.C. is a limited liability company organized under the laws of the state of Delaware with its principal place of business located at Woodlawn Hall at Old Parkland, Suite 300, 3953 Maple Avenue, Dallas, Texas, 75219, and is doing business under the "ROW NYC," "CITY KITCHEN at ROW NYC," and "DISTRICT M at ROW NYC" marks at real property located at 700 8th Ave, New York, New York, 10036.

6.      Defendant Deutsche Asset & Wealth Management is a German Corporation with a principal place of business located at Floor 25, 345 Park Avenue New York, New York, 10005, and is doing business and leasing real estate under the "ROW NYC," "CITY KITCHEN at ROW NYC," and "DISTRICT M at ROW NYC" marks at real property located at 700 8th Ave, New York, New York, 10036.

7.      Defendant David Werner Real Estate is a New York Corporation with a principal place of business located at 36 West 44th Street, Suite 800, New York, New York,

10036 and is doing business and leasing real estate under the "ROW NYC," "CITY KITCHEN at ROW NYC," and "DISTRICT M at ROW NYC" marks at real property located at 700 8th Ave, New York, New York, 10036.

8.    Defendant Rockpoint Group, L.L.C. is a limited liability corporation organized and existing under the laws of the State of Delaware with its principal place of business located at Woodlawn Hall at Old Parkland, 3953 Maple Avenue, Suite 300, Dallas, Texas, 75219 and is doing business and leasing real estate under the "ROW NYC," "CITY KITCHEN at ROW NYC," and "DISTRICT M at ROW NYC" marks at real property located at 700 8th Ave, New York, New York, 10036.

9.    This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, 28 U.S.C. § 1338, and 28 U.S.C. § 1367.  Jurisdiction is also proper under 28 U.S.C. § 1332 because all Defendants reside in different states than does Plaintiff, and the amount in controversy exceeds $75,000.

10.    This Court has personal jurisdiction over Defendants as they have regularly done business in New York, owned and leased New York real estate, marketed and sold services to businesses and individuals in New York, and have purposely aimed their business activities at New York.  This action arises out of wrongful acts committed by Defendants in New York.

11.    Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants are subject to personal jurisdiction in this Judicial District and because the intellectual property and Defendant's real property that is the subject of this lawsuit is located in this Judicial District. This action arises out of wrongful acts committed by Defendants in this Judicial District.

FACTUAL BACKGROUND

**Plaintiff's Superior Trademark Rights**

12.     The Row, Inc. owns a restaurant called "The Row" located at 110 Lyle Ave, Nashville, Tennessee, 37203, and is in the business of restaurant, dining, pub, and take-out food services.

13.     The Row, Inc. hosts numerous tourists, diners, and musical acts from across the United States, Europe, and Asia.

14.     The Row, Inc. serves a broad range of diners including tourists from the New York metropolitan area.

15.     The Row, Inc.'s business operations include the development of business and dining service opportunities throughout the United States, the intent to expand throughout the United States, and the purchase and transport of food and food services related equipment in interstate commerce.

16.     Since March 9, 2013, The Row, Inc. has extensively promoted the "*GENUINE FOOD AND DRINK* THE ROW *KITCHEN & PUB*®" trade name and trademark in connection with its restaurant, dining, pub and take-out services through various means, including its website located at <therownashville.com>, such that its trade name and trademark have become widely known and recognized by the public and the trade.

17.     As a result of The Row, Inc.'s substantial investment in developing the "ROW" brand, the "*GENUINE FOOD AND DRINK* THE ROW *KITCHEN & PUB*®" trademark has come to identify and distinguish The Row, Inc.'s products and services sold under that trademark, and represents goodwill of great value belonging exclusively to The Row, Inc.

18.     In recognition of the exclusive and valuable rights and goodwill in The Row, Inc.'s mark, the "*GENUINE FOOD AND DRINK* THE ROW *KITCHEN & PUB*®" trademark has been registered in the United States Patent and Trademark Office.

19.     The Row, Inc. owns U.S. Trademark, Registration No. 4,511,836 (application filed on November 29, 2012 as Application Serial No. 85/790,685) issued on April 8, 2014, with a date of first use in commerce of March 9, 2013, for the trademark "*GENUINE FOOD AND DRINK* THE ROW *KITCHEN & PUB*®" in the International Class 043, "restaurant services, namely, providing of food and beverages for consumption on and off the premises." ("'836 Registration")

20.     The mark "ROW" is the predominant feature of "*GENUINE FOOD AND DRINK* THE ROW *KITCHEN & PUB*®" because The Row, Inc. disclaimed "Genuine Food and Drink" as well as "Kitchen and Pub" so that "ROW" is the substantial basis for federal registration and serves as the primary source identifier for The Row, Inc.'s goods and services.

21.     The '836 Registration is valid and subsisting, and in full force and effect.

22.     The Row, Inc. is the owner of the '836 registration and the trademark shown therein and all of the business and goodwill connected therewith and symbolized thereby.  A true and correct copy of the '836 Registration is attached hereto as Exhibit A.

**The Defendants' Activities**

23.     In March 2014, the recently remodeled Milford Plaza Hotel in New York's Times Square debuted as "ROW NYC," a hotel and restaurant complex offering the public new services including a bar/lounge and restaurants within a hotel.

24.     Defendants Rockpoint Group, L.L.C. and Highgate Hotels, L.P. had previously purchased the Milford Plaza Hotel in 2010 for $200 million and began an extensive $140

5

million renovation.

25.     The new owners divided the hotel up into three pieces — the land, the 1,331-room hotel and the 26,000-square-foot retail unit.

26.     Brooklyn investor David Werner, in partnership with Deutsche Asset & Wealth Management's real-estate investment business, purchased the land parcel for $325 million while Defendant Rockpoint Group, L.L.C. and Highgate Hotels, L.P. continued operating the hotel and restaurants.

27.     As part of the renovation and rebranding effort, Defendants David Werner Real Estate, Deutsche Asset & Wealth Management, and Rockpoint Group, L.L.C. leased space to create a restaurant market named "CITY KITCHEN at ROW NYC" operated by Defendants RP/HH Milford Plaza Lessee, L.P., RP/HH Milford Plaza Lessee, G.P., L.L.C., and Highgate Hotels, L.P.

28.     Upon information and belief, the joint venture between all Defendants included approval of the use of the marks "ROW NYC," "CITY KITCHEN at ROW NYC," and "DISTRICT M at ROW NYC" to market food and food services directly, and also by and through various restaurant vendors to do business at Defendant's property at 700 8th Ave, New York, New York, 10036 ("Defendants' Property.")

29.     Included in the renovation at Defendants' Property was "DISTRICT M at ROW NYC" - a European express cafe by day, a Neapolitan pizza bar and cocktail lounge by night - operated by Defendants Highgate Hotels, LP and RP/HH Milford Plaza Lessee, L.P. and RP/HH Milford Plaza Lessee, G.P., L.L.C.

30.     Upon information and belief, Defendants RP/HH Milford Plaza Lessee, L.P. and Highgate Hotels, L.P. operating under the mark, "ROW NYC,"  have been providing

restaurant, pub, and dining services as "DISTRICT M at ROW NYC" at Defendants' Property,

providing a total of 65 tables, 198 seats, and 30 barstools.

31.     On March 5, 2015, a restaurant market at "ROW NYC" was launched by a

grand opening to the public as "THE KITCHEN at ROW NYC," offering  restaurant services

from nine (9) different New York restaurants: Dough; Azuki; Luke's Lobster; Whitman's;

Kuro Obi; Ilili Box; Gabriela's Taqueria; Wooly's; and Sigmund's Pretzels.

32.     "CITY KITCHEN at ROW NYC" is a restaurant market on Defendant's

Property where restaurants pay Defendants for the use of Defendant's Property to display and

sell their menu items.

33.     Upon information and belief, the individual restaurants are under contract and

obligation to advertise under "CITY KITCHEN at ROW NYC" with Defendants RP/HH

Milford Plaza Lessee, L.P. and Highgate Hotels, L.P.

34.     Defendant RP/HH Milford Plaza Lessee, L.P. operating under the mark "CITY

KITCHEN at ROW NYC," began providing restaurant, advertising, and dining services at the

Defendants' Property continuously since March 5, 2015.

35.      Defendants, by and through "ROW NYC," have collaborated closely with

"CITY KITCHEN at ROW NYC," and have built a direct indoor hotel entrance into "CITY

KITCHEN at ROW NYC," that includes a neon arrow sign in the "ROW NYC" hotel pointing

guests into "CITY KITCHEN at ROW NYC."

36.     Upon information and belief, all Defendants selected and approved the mark

"ROW NYC" in the joint venture by choosing the infringing mark with the prior knowledge

that "Row" was already protected by a valid trademark.

37.     Upon information and belief, despite such prior knowledge, because the word "ROW" was short and amenable to internet domain registration, Defendants chose that word and used it in marketing food and restaurant services.

38.     Upon information and belief, Defendant Highgate Hotels L.P. operates or controls the domain names located at the URLs, <rownyc.com>, < rownyc.com/eat-drink>, <rownyc.com/hotel-amenities/district-m-pizza-bar-times-square>, and <districtm.com>, which links to <rownyc.com> advertising food and restaurant services at the hotel.  A true and correct copy of the web page available at www.rownyc.com/eat-drink is attached as Exhibit B.

39.     "ROW NYC" advertises its food services on its website at <rownyc.com/faqs> stating as of the date of this filing:

**Do you ["ROW NYC"] have a restaurant in the hotel? Is Breakfast served? What if we need to have a drink?**

On site Restaurants: Yes
On site Bars: Yes

**District M** located in Row NYC is a european [sic] express café serving La Colombe coffee, pastries from Payard, Balthazar and Pain d'Avignon.  As well as egg sandwiches, bagels, parfaits and oatmeal. [sic]  In the evening, District M transforms into a Neapolitan pizza bar and cocktail lounge, serving hand-stretched pizzas, charcuterie and cheese from Murray's Cheese Shop and a selection of salads.  To pair with dinner, District M offers specialty cocktails, local craft beers and a curated wine list.

Breakfast hours: Monday – Friday: 6:30am – 11:30am
Saturday – Sunday: 7am – 12pm
Dinner hours: Monday – Sunday: 5pm – 1am

**City Kitchen** located in Row NYC is Times Square's first interior food market consisting of 9 NYC top food concepts.  Guests can delight in doughnuts from Dough, sushi from Azuki, Luke's Lobster rolls, Whitman's burgers, ramen by Kuro Obi, Mediterranean from ilili Box, tacos from Gabriela's Taqueria, Wooly's shaved snow and Sigmund's Pretzels – **all without having to leave the hotel.**  [emphasis added] In spring 2015, City Kitchen will offer room service to hotel guests.

Hours: Monday – Friday: 6:30am – 9pm

40.     Upon information and belief, Defendant Highgate Hotels L.P. also operates or controls the domain name located at the URL <citykitchen.rownyc.com>.  A true and correct copy of the web page showing marketing of exclusively food services with pictures of food and restaurants available at www.citykitchen.rownyc.com is attached as Exhibit C.

**Defendant's Failed Attempts to Register "ROW NYC"**

41.     On January 16, 2014, Defendant RP/HH Milford Plaza Lessee, L.P. applied for a federal U.S. trademark registration for the trademark "ROW NYC" (U.S. Application Serial No. 86/167,923 ("Application '923") for "hotel services."

42.     Defendant filed Application '923 as an intent-to-use application rather than on the basis of current use.

43.     On April 22, 2014, the Trademark Office refused to grant registration of Application '923 based on a likelihood of confusion with The Row, Inc.'s '836 Registration, stating:  "Registration of the applied-for mark is refused because of a likelihood of confusion with the mark in U.S. Registration No. 4511836 [Row Inc.'s mark].  Trademark Act Section 2(d), 15 U.S.C. §1052(d); *see* TMEP §§1207.01 *et seq*. See the enclosed registration [of The Row, Inc.]"

44.     On June 16, 2014, Defendant RP/HH Milford Plaza Lessee, L.P. responded to the Trademark Office's rejection by arguing that the marks were not confusingly similar.

45.     On July 30, 2014, the Trademark Office refused to grant registration of Application '923 for the second time, again based on the likelihood of confusion with The Row, Inc.'s '836 Registration, stating:  "Registration of the applied-for mark is refused because of a likelihood of confusion with the mark in U.S. Registration No. 4511836 [Row Inc.'s

9

mark].  Trademark Act Section 2(d), 15 U.S.C. §1052(d); *see* TMEP §§1207.01 *et seq*.  See the

previously enclosed registration [of The Row, Inc.]"

46.     In the July 30, 2014 rejection, the trademark examiner added the additional

admonition to Defendant RP/HH Milford Plaza Lessee, L.P.:

> Applicant is reminded that, the overriding concern is not only to prevent buyer
> confusion as to the source of the goods and/or services, but to protect the registrant
> from adverse commercial impact due to use of a similar mark by a newcomer.  *See In re*
> *Shell Oil Co.*, 992 F.2d 1204, 1208, 26 USPQ2d 1687, 1690 (Fed. Cir. 1993).
> Therefore, any doubt regarding a likelihood of confusion determination is resolved in
> favor of the registrant.

47.     Accordingly, a federal agency has already recognized the likelihood of

confusion between The Row, Inc.'s use of its registered mark and Defendants' use of the mark

stating in the July 30, 2014 Trademark Office rejection that "[E]vidence establishes that the

same entity [a hotel] commonly provides the relevant services and markets the services under

the same mark. Therefore, applicants and registrant's goods and/or services are considered

related for likelihood of confusion purposes."

48.     Defendant RP/HH Milford Plaza Lessee L.P. was deemed to have abandoned

the mark on March 2, 2015 by failing to responded to the Examiner's second rejection of July

30, 2014 within the statutory limit of six (6) months.

49.     On March 5, 2015, three (3) days after the Trademark Office issued the Notice

of Abandonment for failure to respond, Zachary Berger, representing Defendant Highgate

Hotels, L.P. contacted The Row, Inc. by email acknowledging the similarity of the marks

stating that, "*The reason that I am reaching out is that Highgate manages a hotel in Times*

*Square called Row NYC. We have been working to federally register the trademark 'Row NYC'*

*and our examiner has been giving us some difficulty around registration given the similar*

*name of your restaurant."*

50.     In a subsequent email on March 15, 2015 to Plaintiff, Zachary Berger representing Defendant Highgate Hotels, L.P. requested that The Row, Inc. sign a co-existence agreement so Defendants could use Plaintiff's mark by stating that, "*We've had some back and forth with the federal trademark examiner to register the hotel, which has been time consuming and frustrating because she just doesn't understand the lack of confusion between a restaurant and hotel. Rather than endure further headache, cost and expense, we're suggesting addressing directly with you to enter into a fairly standard co-existence agreement, which simply allows for us to co-exist as a hotel in NY and you as a restaurant in Nashville."*

51.     The Row, Inc. refused to execute a co-existence agreement that would allow Defendants to use its mark.

52.     On May 1, 2015, Defendant, RP/HH Milford Plaza Lessee, L.P., petitioned the Trademark Office for revival of its abandoned Application '923.

53.     In that petition, counsel for Defendant RP/HH Milford Plaza Lessee, L.P., stated that "Applicant has firsthand knowledge that the failure to respond to the Office Action by the specified deadline was unintentional, and requests the USPTO to revive the abandoned application."

54.     On that same date, May 1, 2015, Defendant RP/HH Milford Plaza Lessee L.P. initiated cancellation proceedings against The Row, Inc.'s mark in The United States Patent and Trademark Office Trademark Trial and Appeal Board, ESSTA tracking no. ESTTA669951, for Plaintiff's alleged failure to use in interstate commerce and abandonment/nonuse, under Trademark Act Sections 1(a) and 45.

55.     Defendant RP/HH Milford Plaza Lessee L.P.'s sole basis in its May 1, 2015

Petition for Cancellation is the unsupported allegation that The Row, Inc. filed a false affidavit in support its use of its mark in commerce on and after March 9, 2013, which is tantamount to a fraud allegation.

56.     The cancelation proceedings were initiated solely "upon information and belief," in violation of Federal Rule of Civil Procedure 9(b) regarding pleading special matters made applicable to Board proceedings by Trademark Rule 2.116(a).  *Asian and Western Classics B.V. v. Lynne Selkow*, 92 USPQ2d 1478 (TTAB 2009) ("Allegations based solely on information and belief raise only the mere  possibility that such evidence may be uncovered and do not  constitute pleading of fraud with particularity.  Thus, to satisfy Rule 9(b), any allegations based on "information and belief" must be accompanied by a statement of facts upon which the belief is founded.  *Exergen Corp. v. Wal-Mart Stores Inc.* 91 USPQ2d 1656, 1670 (Fed. Cir. 2009).").

57.     On May 13, 2015, the trademark Examiner issued a notice of suspension of Defendant RP/HH Milford Plaza Lessee L.P.'s revival/examination proceeding to await the decision of the Trademark Trial and Appeals Board regarding the cancellation proceeding.

58.     But, the Examiner also confirmed  on May 13, 2015 that the original rejection of "ROW NYC" as a mark was maintained stating that  "**THE FOLLOWING REFUSAL(S)/ REQUIREMENT(S) IS/ARE CONTINUED AND MAINTAINED: SECTION 2(D):** Refusal- Likelihood of Confusion with regards to U.S. Registration No. 4511836 [Row Inc.'s mark]." (Emphasis in original).

59.     On May 15, 2015, The Row, Inc.  served Defendant, RP/HH Milford Plaza Lessee L.P., with a cease and desist letter as well as a demand to withdraw the Petition for Cancellation accompanied by The Row, Inc.'s business records establishing The Row, Inc.'s

continued used of its mark in interstate commerce beginning at the latest on March 9, 2013.

60.     On June 1, 2015, Defendant, RP/HH Milford Plaza Lessee L.P. withdrew its Petition for Cancellation without prejudice.  However, as of the date of this filing, Defendants continue to sell and advertise restaurants, food, and food services under "ROW NYC," "CITY KITCHEN at ROW NYC," and "DISTRICT M at ROW NYC" marks.

### COUNT I: INFRINGEMENT OF A FEDERALLY REGISTERED TRADEMARK PURSUANT TO 15 U.S.C. § 1114(1)

**(The Row, Inc. v. Highgate Hotels, L.P., RP/HH Milford Plaza Lessee L.P., and RP/HH Milford Plaza Lessee G.P., L.L.C.)**

61.     The Row, Inc. repeats and realleges, as if fully set forth herein, the allegations contained in paragraphs 1 through 60 above.

62.     The Row, Inc.'s use of the "*GENUINE FOOD AND DRINK* THE ROW *KITCHEN & PUB*®" trademark predates any use by any of the Defendants of similar marks in the United States.

63.     With full knowledge of the "*GENUINE FOOD AND DRINK* THE ROW *KITCHEN & PUB*®" trademark, and the valuable goodwill that Row Inc. has built over the years throughout the United States, and after Plaintiff's exclusive and continuous use of its "*GENUINE FOOD AND DRINK* THE ROW *KITCHEN & PUB*®" name and trademarks, Defendants adopted the trade name "ROW NYC," "CITY KITCHEN at ROW NYC" and "DISTRICT M at ROW NYC" for offering restaurant services, and further attempted to register with the United States Patent and Trademark Office the trademark "ROW NYC."

64.     The Row, Inc. has never authorized, licensed or otherwise condoned or consented to Defendants' use of the "ROW NYC," "CITY KITCHEN at ROW NYC" and "DISTRICT M at ROW NYC" trademark or use of the trade name and trademark or variations

13

thereof.

65.     Defendants' restaurant services are marketed and sold to the same class of customers and end-users as the services of "ROW NYC."

66.     Defendants' continued use of the trade names and marks "ROW NYC," "CITY KITCHEN at ROW NYC" and "DISTRICT M at ROW NYC" is likely to cause confusion, to cause mistake, and to deceive as to the source, origin, or sponsorship of Defendants' restaurant services and to cause the public wrongly to associate the trade names and marks "ROW NYC," "CITY KITCHEN at ROW NYC" and "DISTRICT M at ROW NYC" with The Row, Inc., and to believe that the Defendants are somehow affiliated, connected with, or licensed, sponsored, or approved by The Row, Inc.

67.     As further evidence of Defendants' attempts to willfully infringe The Row, Inc.'s marks, Defendants have and continue to use "ROW NYC,"  "CITY KITCHEN at ROW NYC" and "DISTRICT M at ROW NYC" as trade names.

68.     Defendants' continued use of the trade names and marks "ROW NYC," "CITY KITCHEN at ROW NYC" and "DISTRICT M at ROW NYC" constitutes the use of a false designation of origin and false representation of Defendants' restaurant services.

69.     Defendants' continued use of the trade names and marks "ROW NYC," "CITY KITCHEN at ROW NYC" and "DISTRICT M at ROW NYC" is likely to cause The Row, Inc. to lose the ability to control its reputation and image among the public.

70.     Defendants' continued use of the trade names and marks "ROW NYC," "CITY KITCHEN at ROW NYC" and "DISTRICT M at ROW NYC" is likely to gain acceptance for Defendants' restaurant services by trading on the merit, reputation, and goodwill built up by The Row, Inc.'s extensive use, advertising, and marketing of products and services under the

14

"*GENUINE FOOD AND DRINK* THE ROW *KITCHEN & PUB*®" trade name and trademarks.

71.     Defendants' use of the trade names and marks "ROW NYC," "CITY KITCHEN at ROW NYC" and "DISTRICT M at ROW NYC" has been with full knowledge of The Row, Inc.'s prior rights and with intent to confuse consumers and to benefit from the goodwill of The Row, Inc.'s goods and services.

72.     The aforesaid acts of Defendants constitute willful and intentional infringement of The Row, Inc.'s federally registered trademarks in violation of 15 U.S.C. § 1114(1).

73.     Defendants' aforesaid acts have caused and, unless restrained by this Court, will continue to cause great and irreparable injury to The Row, Inc., for which it has no adequate remedy at law.

74.     As the result of Defendants' unlawful actions, The Row, Inc. has suffered damages in an amount to be proven at trial.  The Row, Inc. is entitled to compensation in this amount, plus punitive damages for the knowing and willful actions of Defendants.

COUNT II: FALSE DESIGNATIONS OF ORIGIN AND FALSE REPRESENTATIONS AND UNFAIR COMPETITION PURSUANT TO 15 U.S.C. § 1125(A)

**(The Row, Inc. v. Highgate Hotels, L.P., RP/HH Milford Plaza Lessee L.P., RP/HH Milford Plaza Lessee G.P., L.L.C., Deutsche Asset & Wealth Management, David Werner Real Estate, and Rockpoint Group, L.L.C.)**

75.     The Row, Inc. repeats and realleges, as if fully set forth herein, the allegations contained in paragraphs 1 through 74 above.

76.     Defendants' aforesaid acts constitute willful and intentional use of false designations of origin and false representations, and unfair competition in violation of 15 U.S.C. § 1125(a).

77.     The Row, Inc. has never authorized, licensed or otherwise condoned or

consented to Defendants' use of the "ROW NYC," "CITY KITCHEN at ROW NYC" and "DISTRICT M at ROW NYC" marks.

78.     Defendants' aforesaid acts have caused and, unless restrained by this Court, will continue to cause great and irreparable injury to The Row, Inc., for which it has no adequate remedy at law.

79.     As the result of Defendants' unlawful actions, The Row, Inc. has suffered damages in an amount to be proven at trial. The Row, Inc. is entitled to compensation in this amount, plus punitive damages for the knowing and willful actions of Defendants.

<u>COUNT III: CYBERPIRACY PREVENTION PURSUANT TO 15 U.S.C. § 1125(D)</u>

**(The Row, Inc. v. Highgate Hotels, L.P.)**

80.     The Row, Inc. repeats and realleges, as if fully set forth herein, the allegations contained in paragraphs 1 through 79 above.

81.     Defendant's bad faith attempt to profit from The Row, Inc.'s mark by registering the domain names <rownyc.com>, < rownyc.com/eat-drink>, <rownyc.com/hotel-amenities/district-m-pizza-bar-times-square>, <citykitchen.rowyc.com> and <districtm.com> which links to <rownyc.com> to promote, advertise and sell food services constitute cyberpiracy, in violation of 15 U.S.C. § 1125(a).

82.     The Row, Inc. has never authorized, licensed or otherwise condoned or consented to Defendant's use of the "ROW NYC," "CITY KITCHEN at ROW NYC" and "DISTRICT M at ROW NYC" marks or domain names.

83.     Defendants' aforesaid acts have caused and, unless restrained by this Court, will continue to cause great and irreparable injury to The Row, Inc., for which it has no adequate remedy at law.

84.     As the result of Defendant's unlawful actions, The Row, Inc. has suffered damages in an amount to be proven at trial. The Row, Inc. is entitled to compensation in this amount, plus punitive damages for the knowing and willful actions of Defendant.

## COUNT IV: FEDERAL DILUTION PURSUANT TO 15 U.S.C. § 1125(C)

**(The Row, Inc. v. Highgate Hotels, L.P., RP/HH Milford Plaza Lessee L.P., and RP/HH Milford Plaza Lessee G.P., L.L.C.)**

85.     The Row, Inc. repeats and realleges, as if fully set forth herein, the allegations contained in paragraphs 1 through 84 above.

86.     Defendants' aforesaid acts constitute willful and intentional dilution of the distinctive quality of, and tremendous goodwill associated with The Row, Inc.'s famous trade name and trademarks in violation of 15 U.S.C. § 1125(c).

87.     Defendants' aforesaid acts have resulted in actual dilution of The Row, Inc.'s famous trade name and trademarks.

88.     Defendants' aforesaid acts have caused and, unless restrained by this Court, will continue to cause great and irreparable injury to The Row, Inc., for which it has no adequate remedy at law.

89.     As the result of Defendants' unlawful actions, The Row, Inc. has suffered damages in an amount to be proven at trial. The Row, Inc. is entitled to compensation in this amount, plus punitive damages for the knowing and willful actions of Defendants.

## COUNT V: CONTRIBUTORY TRADEMARK INFRINGEMENT

**(The Row, Inc. v. Deutsche Asset & Wealth Management, David Werner Real Estate, and Rockpoint Group, L.L.C.)**

90.     The Row, Inc.  repeats and realleges, as if fully set forth herein, the allegations contained in paragraphs 1 through 89 above.

91.     The actions of Defendants Deutsche Asset & Wealth Management, David Werner Real Estate, and Rockpoint Group L.L.C. described above and specifically, without limitation, their knowledge, participation, and inducement of the unauthorized use of The Row, Inc.'s trademark, and confusingly similar variations thereof, in commerce to advertise, market, and sell food products and food services constitute contributory trademark infringement in violation of federal law.

92.     The actions of Defendants Deutsche Asset & Wealth Management, David Werner Real Estate, and Rockpoint Group L.L.C., if not enjoined, will continue.  Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with The Row, Inc.'s mark, injury to Plaintiff's business, and loss of license revenues for use the infringing mark.

93.     On information and belief, the actions of Defendants Deutsche Asset & Wealth Management, David Werner Real Estate, and Rockpoint Group L.L.C. described above were and continue to be deliberate and willful.

94.     As the result of Defendants' unlawful actions, The Row, Inc. has suffered damages in an amount to be proven at trial. The Row, Inc. is entitled to compensation in this amount, plus punitive damages for the knowing and willful actions of Defendants.

<u>COUNT VI: UNJUST ENRICHMENT</u>

**(The Row, Inc. v. Highgate Hotels, L.P., RP/HH Milford Plaza Lessee L.P., RP/HH Milford Plaza Lessee G.P., L.L.C., Deutsche Asset & Wealth Management, David Werner Real Estate, and Rockpoint Group, L.L.C.)**

95.     The Row, Inc.  repeats and realleges, as if fully set forth herein, the allegations contained in paragraphs 1 through 94 above.

96.     Upon information and belief, by using the accused "ROW" monikers without

The Row Inc.'s consent but with prior knowledge of The Row, Inc.'s rights in and to various "ROW" marks, "ROW" business names and "ROW" domain names, all Defendants have sold products or received money for services or both at the expense of The Row, Inc., and have thus been unjustly enriched at the expense of The Row, Inc., to Plaintiff's great and continuing damage which in equity and good conscience require restitution.

97.     As the result of Defendants' unlawful actions, The Row, Inc. has suffered damages in an amount to be proven at trial. The Row, Inc. is entitled to compensation in this amount, plus punitive damages for the knowing and willful actions of Defendants.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, The Row, Inc. prays that this Court enter an Order and judgment as follows:

A.     Declaring, adjudging and decreeing that Defendants' aforesaid acts constitute infringement of The Row, Inc.'s federally registered trademarks in violation of 15 U.S.C. § 1114; use of false designations of origin and false representations, and unfair competition in violation of 15 U.S.C. § 1125(a); federal dilution in violation of 15 U.S.C. § 1125(c); cyberpiracy in violation of the United States Trademark Act, 15 U.S.C. § 1125(d); and Contributory Trademark Infringement;

B.     Granting preliminary and permanent injunctions restraining Defendants, and their officers, directors, agents, servants, employees, attorneys and those persons in active concert or participation or otherwise in privity with them from engaging in further acts constituting trademark infringement, cyberpiracy in violation of 15 U.S.C. § 1125(d); and Contributory Trademark Infringement, including the use and registration of the trade name and trademark "ROW" alone or in connection with other terms or a trade name or trademark

19

incorporating the term "ROW" including but not limited to "ROW NYC," "CITY KITCHEN at ROW NYC" and "DISTRICT M at ROW NYC;"

      C.      Ordering that Defendant, Highgate Hotels, assign the domain name registration for <rownyc.com>, < rownyc.com/eat-drink>, <rownyc.com/hotel-amenities/district-m-pizza-bar-times-square>, <citykitchen.rownyc.com>, and <districtm.com> and <citykitchen.rownyc.com> to Plaintiff;

      D.      Ordering that Defendants file with the Court and serve upon The Row, Inc. within thirty (30) days after service upon Defendants of this Court's injunction issued in this action, a written report, signed under oath, setting forth in detail the manner in which Defendants have complied with such injunction, including confirmation that Defendants is not using in any manner the trade name and trademark "ROW" alone or in connection with other terms, or a trade name or trademark incorporating the term "ROW;"

      E.      Granting declaratory judgement under 28 U.S.C. § 2201 of  Defendant RP/HH Milford Plaza Lessee L.P., affirmatively abandoned the mark "ROW NYC;"

      F.      Ordering that Defendants account to The Row, Inc. for, and that The Row, Inc. be awarded Defendants' profits from licensing, rental and/or sales of its services advertised, promoted, marketed, sold, offered for sale, or provided under the trade name and trademarks "ROW NYC," "CITY KITCHEN at ROW NYC," and "DISTRICT M at ROW NYC" together with such increased sum in addition thereto as the Court shall find just in view of the willful and intentional nature of Defendants' infringing and tortious acts;

      G.      Awarding The Row, Inc. its damages arising out of Defendants' infringing and tortious acts, together with an amount which is three times the amount found as actual damages;

H.      A finding that Defendants have been unjustly enriched to the damages of The
Row, Inc.;

I.      A finding that the actions of the Defendants are willful and/or bad faith acts of
infringing;

J.      Statutory damages of $500,000 for violation of 15 U.S.C. § 1125(d) 1.

K.      Delivery by Defendants to The Row, Inc. of all advertising materials bearing the
accused "ROW" moniker for destruction pursuant to 15 U.S.C. § 1118;

L.      Awarding The Row, Inc.  its costs, disbursements and reasonable attorneys' fees
incurred in bringing this action; and

M.      Awarding The Row, Inc. such other and further relief as the Court may deem
just and proper.

<u>JURY DEMAND</u>

The Row, Inc. respectfully requests a trial by jury on all issues triable thereby.

Respectfully submitted,


 */s/ Matthew L. Kurzweg*
Matthew L. Kurzweg, Esquire
Pa.I.D. #76462

Attorney for Plaintiff The Row, Inc.

Kurzweg Law Offices
First and Market Building
100 First Avenue, Suite 850
Pittsburgh, PA 15222
Phone: (412) 258-2223
Fax:     (412) 258-2224